No justice of the peace has cognizance of a civil action when the title to real property shall come in question. *Page 187 
(Code, § 54, subd. 2.) Title may be brought in question by the defendant setting it up in his defence, or it may be necessary for the plaintiff to prove his title in order to sustain his action. In the former case, unless the defendant proceeds in the manner prescribed by the Code, the justice shall have jurisdiction of the cause, and the defendant be precluded, in his defence, from drawing the title in question. (Code, § 38.) In the latter case, it is provided that "if it appear on the trial, from the plaintiff's own showing, that the title to real property is in question, and such title shall be disputed by the defendant, the justice shall dismiss the action, and render judgment against the plaintiff for costs." (Code, § 59.) If it be necessary that the plaintiff shall establish his title in order to recover, and the defendant disputes it, it is the duty of the justice to dismiss the action; and the consent of the parties that the justice may adjudicate the question, will not confer jurisdiction.
The single point in the present case is, whether, by the plaintiff's own showing, the title to real property was in question. Rent in fee falls within the common law definition of things real. The rent claimed was real property; and before the plaintiff could recover it was necessary that he should establish his title. This he attempted to do by showing that the rent came to him by assignment from Van Rensselaer, the original grantor. Unless he had acquired the right of Van Rensselaer to the perpetual rent reserved on the lease in fee to Snyder, or, in the words of the complaint, "became seised in fee of such rents," he could maintain no action for any part of the reserved rent. It is not pretended that the plaintiff became the owner of any portion of the rent, otherwise than as the assignee of all the estate of Van Rensselaer; and the recovery was sought and obtained not only for rent that had accrued before the assignment, but that which became due and payable subsequently. The original lease, and its several transfers, given in evidence by the plaintiff, were grants of quasi realty, and not merely assignments of a chose in action. It was in this mode, and through these conveyances, *Page 188 
if at all, that the plaintiff could make title to the rent. To establish any claim to recover, he must show himself to have succeeded to the rights of Van Rensselaer. This he undertook to do by the introduction of the will of the original grantee, and the several assignments from the heir of such grantee and his assignees.
It is not necessary to inquire whether if the action had been by the original lessor of the premises to recover the rent, the defendant could have disputed his title. When there is the relation of landlord and tenant, and the tenant is in possession of demised premises, he will be presumed in under the lease, and will be estopped from disputing the title of the landlord. But when the relation of landlord and tenant does not exist or, having existed, the tenant ceases to hold under the lease, and surrenders the possession, there is no estoppel. So, also, the tenant is not precluded from showing in any way he can that the title of his landlord has terminated since the commencement of the tenancy. He cannot deny that the person by whom he was let into possession had title at that time, but he may show that such title is determined. (Doe v. Lady Smythe, 4 M. S., 347.) When there has been an actual eviction by title paramount, he may show a state of facts in protection of his possession inconsistent with the claim or title of his lessor. So, also, he may do this when there has been a constructive eviction, as inDoe v. Barton (11 Adol. Ellis, 315). If the rent in this case was not rent service, but a rent charge granted to Van Rensselaer by the ancestor or assignor of the defendant, I can see no reason why the latter may not deny the plaintiff's title, and put him to the proof of it. Here the plaintiff was a stranger to the original transaction. He claimed title to the rent reserved in the Snyder lease. The claim was not admitted, but denied by the defendant. Had he merely proved the original lease, and the amount of the rent reserved by it, due and unpaid, it will not be pretended that he would have made a case for a recovery. He must go further, and show title in himself to the rents. This the plaintiff undertook to do, and I think it appeared *Page 189 
from his own showing that the title to real property was in question. The justice was called upon to adjudicate upon a material allegation in the complaint, and denied, viz.: that the plaintiff was seised in fee of the rents reserved in the lease to Snyder. This question was not within the jurisdiction of the justice.
The judgment of the Supreme Court should be affirmed.
SELDEN and SUTHERLAND, Js., expressed no opinion; all the other judges concurring,
Judgment affirmed.